IN THE UNITED STATES DISTRICT COURT RECEIVED
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2014 MAY 22 P 2: 49

| | | |
|---|---|---|
| Linda Beth Weddle, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:13-cv-2177-RMG |
| vs. | ) | |
| | ) | **ORDER** |
| Charleston County Sheriff's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the

Magistrate Judge that this matter be remanded to state court. (Dkt. No. 33). For the reasons

stated below, the Court ADOPTS the R & R and REMANDS this matter to state court.

## I. Background

Plaintiff filed this action in state court alleging causes of action for gross negligence and

negligent training and supervision. (Dkt. No. 1-1). Defendant removed the action to federal

court based on federal question jurisdiction and allegations of excessive force. (Dkt. No. 1). In

her Motion for Remand, Plaintiff contends that her Complaint contains "no allegations . . . of

violation of civil rights pursuant to 42 U.S.C. § 1983, or violation of any other federal statute."

(Dkt. No. 9-1 at 1). Defendant states in its opposition brief that, "[i]f Plaintiff confirms by way

of supplemental pleading that there is no civil rights claim being raised . . ., the Defendant would

agree that it must concede this issue and believes the case would be proper for Remand to State

Court." (Dkt. No. 10 at 2). The Magistrate Judge found that South Carolina law creates the

causes of action in Plaintiff's Complaint and that Plaintiff's right to relief does not necessarily

depend on a question of federal law. (Dkt. No. 33 at 5, 8). Therefore, the Magistrate Judge recommended remanding the case. (*Id.* at 8). Neither party has filed an objection to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Discussion

The Court agrees with the Magistrate Judge that Plaintiff only alleges state law causes of action. (*See* Dkt. No. 1-1). The Court also agrees that, for the reasons stated in the R & R, Plaintiff's right to relief on her negligence claims does not necessarily depend on a question of federal law.

Therefore, the Court **ADOPTS** the R & R in full and **REMANDS** this action to the Court of Common Pleas for Charleston County, South Carolina.

//

//

-2-

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

May 22, 2014
Charleston, South Carolina